IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT BAGENT,**

    **Plaintiff,**

**v.**                                                           **CIVIL ACTION NO. 5:08cv140**
                                                                     **(Judge Stamp)**

**PRIME CARE MEDICAL, Inc.,**
**MR. JACOB FULLER, Administrator of Medical at Eastern Regional Jail,**
**MR. BARLOW, Eastern Regional Jail, State of WV Administrator,**
**ERIN LNU, Nurse, Eastern Regional Jail,**
**JESSES LNU, Nurse, Eastern Regional Jail,**
**DOCTOR JAMES, Eastern Regional Jail,**
**EASTERN REGIONAL JAIL.**

    **Defendants.**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

On September 4, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. In the complaint, the plaintiff alleges that since April of 2008, he has experienced abnormal swelling in his stomach such that it looks like he swallowed a basketball. The plaintiff further alleges that the swelling is generally painful and is applying pressure to his bladder. On October 9, 2008, the plaintiff was granted leave to proceed *in forma pauperis*, with his initial partial filing fee due within thirty days. On November 13, 2008, an Order to Show Cause was entered because the plaintiff's initial filing fee had not been received. Thereafter, the plaintiff filed documents indicating that he was making good faith efforts to insure that the fiscal clerk at the Eastern Regional Jail paid the fee from his prisoner trust account. On January 5, 2009, the initial fee was finally paid. Therefore, this matter is before the undersigned for an initial review and report and

recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)[1]

## I. STANDARD OF REVIEW

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether is it frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or where the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. ANALYSIS

---

[1] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...
    (B) the action or appeal-
        (I) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Id. at 327.

Although not specifically articulated, a liberal reading of the plaintiff's complaint indicates that he is attempting to state a claim under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

**1. The Eastern Regional Jail and Prime Care Medical Inc.**

The Eastern Regional Jail is not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Accordingly, the plaintiff's claim against the jail should be dismissed. Likewise, it is clear that Prime Care Medical Inc. Is not a person subject to suit under § 1983. Therefore, it too should be dismissed.

**2. Mr. Barlow, Administrator Eastern Regional Jail**

In the instant case, plaintiff makes no specific allegations of a violation of any constitutional right against the named defendant, Mr. Barlow. Instead, it appears that plaintiff merely names Mr.

Barlow in his official capacity as the Administrator of the Eastern Regional Jail. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). Here, the plaintiff has made no allegation that would support such a finding, and therefore, Mr. Barlow should be dismissed as a defendant.

**3. Mr. Jacob Fuller Administrator of Medical, Dr. James, Nurse Erin, and Nurse Jesse**

To state a claim under the Eighth Amendment, plaintiff must show that defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

In the instant case, the plaintiff's complaint, while sketchy at best, does raise a colorable claim that he suffers from a serious medical condition, and that the defendants charged with his medical care have been deliberately indifferent to his medical needs. Accordingly, these defendants should be made to answer the complaint.

### IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that:

(1) the plaintiff's claims against the Eastern Regional Jail, Prime Care Medical, Inc., and Mr. Barlow be **DISMISSED with Prejudice**; and

(2) the plaintiff's claims against defendants, Jacob Fuller, Dr. James, Nurse Erin, and Nurse

4

Jesse proceed and that those defendants be **SERVED** with a copy of the summons and complaint through the United States Marshall Service.

Within ten (10) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 11, 2009

                                      /s/ James E. Seibert
                                      JAMES E. SEIBERT
                                      UNITED STATES MAGISTRATE JUDGE