IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT BAGENT,

    Plaintiff,

v.                                                             Civil Action No. 5:08CV140
                                                                                       (STAMP)
PRIME CARE MEDICAL, INC.,
MR. JACOB FULLER, Administrator of
Medical at Eastern Regional Jail,
MR. BARLOW, State of WV Administrator,
ERIN LNU, Nurse, Eastern Regional Jail,
JESSIE LNU, Nurse, Eastern Regional Jail,
DOCTOR JAMES, Eastern Regional Jail, and
EASTERN REGIONAL JAIL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, Scott Bagent, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that since April of 2008, he has experienced abnormal swelling in his stomach such that it looks like he swallowed a basketball. Further, the plaintiff claims that although this swelling is generally painful and is applying pressure to his bladder, the defendants have been deliberately indifferent to his medical needs.

The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed in part as to certain defendants, and that the plaintiff's civil action proceed as against other defendants. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The parties filed no objections. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.[2]

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp.

---

[2]The plaintiff also has filed a "Motion for Emergency Order Compelling Jacob Fuller to get Plaintiff Outside Medical Treatment," as well as a "Motion for Imediate [sic] Medical Intervention by Separate Medical Source." This Court will not address the plaintiff's additional motions in this memorandum opinion and order. Rather, these motions will be addressed by Magistrate Judge Seibert by separate order.

825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

A. Defendants Eastern Regional Jail and Prime Care Medical, Inc.

Title 42, United States Code, Section 1983 prohibits "person[s]" from causing a deprivation of legal rights to any United States citizens under the color of state law. Neither the Eastern Regional Jail nor Prime Care Medical, Inc. ("Prime Care Medical") constitute a "person" for the purposes of 42 U.S.C. § 1983. See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its officials acting in their official capacity are 'persons' under § 1983"); see also Roach v. Burch, 825 F. Supp. 116, 117 (N.D. W. Va. 1993) (the West Virginia Regional Jail Authority is "in effect the State of West Virginia" and is not a person under § 1983); Preval v. Reno, 203 F.3d 821, 821 (4th Cir. 2000) (unpublished) ("the Piedmont Regional jail is not a 'person,' and is therefore not amenable to suit under 42 U.S.C. § 1983"). Therefore, this Court must affirm the magistrate judge's conclusion that both the Eastern Regional Jail and Prime Care Medical are not proper parties to this action.

B. Defendant Mr. Barlow

The magistrate judge, in his report and recommendation, recommended that Mr. Barlow (defendant "Barlow") be dismissed from this case because the plaintiff failed to make any specific allegations that defendant Barlow was personally involved in any

3

alleged deprivation of the plaintiff's constitutional rights.[3]  To the extent that the plaintiff alleges that defendant Barlow is liable in his official capacity, the magistrate judge also determined that the plaintiff fails to state a claim in that respect.  An official capacity suit is to be treated as a suit against the entity, here the state. Kentucky v. Graham, 473 U.S. 159, 166 (1985).  The state may be liable under § 1983 when "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id.

This Court finds no clear error in the magistrate judge's determination.  The plaintiff fails to assert that an official policy or custom played a role in the alleged violation of his constitutional rights.  Accordingly, because the plaintiff fails to state a claim upon which relief can be granted as to defendant Barlow, the plaintiff's claim against this defendant, in his personal and official capacity, must be dismissed with prejudice.

---

[3] Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).  This is especially true under § 1983 where liability is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

C. <u>Defendants Mr. Jacob Fuller, Dr. James, Nurse Erin, and Nurse Jessie</u>

The plaintiff asserts that defendants Mr. Jacob Fuller (defendant "Fuller"), Dr. James (defendant "James"), Nurse Erin, and Nurse Jessie violated his constitutional rights by being deliberately indifferent to his medical needs. A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st Cir. 1990), <u>cert. denied</u>, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). This second subjective component

is satisfied when the prison official acts with deliberate indifference. Id. at 303. In Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, Magistrate Judge Seibert recommended that upon due consideration of the claims alleged in the complaint, the plaintiff's claims against defendant Fuller, defendant James, Nurse Erin, and Nurse Jessie should not be summarily dismissed, but that these defendants should be made to answer the complaint. This Court finds no clear error in the magistrate judge's recommendation.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's § 1983 claims against defendants Eastern Regional Jail, Prime Care Medical, and Barlow are DISMISSED WITH PREJUDICE. The plaintiff's claims against defendant Fuller, defendant James, Nurse Erin, and Nurse Jessie shall PROCEED, and

those defendants shall be SERVED with a copy of the summons and complaint through the United States Marshals Service.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:  April 6, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE