IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT BAGENT,

    Plaintiff,

v.                                                                                         Civil Action No. 5:08cv140
                                                                                         (Judge Stamp)

MR. JACOB FULLER, Administrator of Medical at Eastern Regional Jail,
ERIN LNU, Nurse, Eastern Regional Jail,
JESSIE LNU, Nurse, Eastern Regional Jail, and
DOCTOR JAMES, Eastern Regional Jail,

    Defendants.

## Report and Recommendation

### I. Introduction

Scott Bagent, a *pro se* plaintiff, initiated this action by filing a Complaint on September 4, 2008, pursuant to 42 U.S.C. § 1983. On October 9, 2008, plaintiff was granted leave to proceed *in forma pauperis*. On March 11, 2009, the undersigned issued a Report and Recommendation which recommended that above-styled defendants be served, and the additional defendants be dismissed[1]. On April 6, 2009, a Memorandum Opinion and Order was entered adopting the Report and recommendations and summonses were issued. On May 12, 2009, defendant Erin LNU filed an answer and on May 28, 2009, defendant Jesse LNU and Jacob Fuller filed an Answer.. On May 29, 2009, the undersigned issued an Order for defendants to provide additional information with regard to their answers. On June 16, 2009, the defendants filed a Motion to Dismiss and a Memorandum

---

[1] In addition to Jacob Fuller, Nurse Erin, Nurse Jesse, and Doctor James, the plaintiff also named as defendants: Prime Care medical, Inc., Mr. Barlow, and the Eastern Regional Jail.

1

in support thereof. The undersigned then issued a Roseboro Notice on June 17, 2009 and the plaintiff responded on June 29, 2009. This matter is now before the undersigned for review and report and recommendation.

## II. The Complaint

In the complaint, the plaintiff alleges that since April of 2008, he has experienced abnormal swelling in his stomach such that it looks like he swallowed a basketball. The plaintiff further alleges that the swelling is generally painful, is applying pressure to his bladder, and makes it painful to urinate. As relief, the plaintiff merely states that "something needs to be done." (Doc. 1).

## III. Motion to Dismiss or, in the alternative, Motion for Summary Judgment

In their motion, the defendants, establish by affidavit and exhibits, that the plaintiff was admitted to City Hospital in Martinsburg, West Virginia, on May 18, 2009, where that same day he underwent surgery performed by Dr. Hendricks. The surgery involved an operative repair of the plaintiff's large, midline incisional hernia. The plaintiff was discharged from City Hospital on May 21, 2009. On June 2, 2009, the plaintiff returned to Dr. Hendrick's office where the surgical staples were removed from the plaintiff's incision. Thereafter, the plaintiff remained in the medical unit at the Eastern Regional Jail for two days to make sure that his incision held. (Doc. 33-1).

Based on the fact that the plaintiff's sole request for relief was that "something needs to be done" about his abdominal hernia, the defendants allege that the relief prayed for has been provided through the surgery that was performed on May 18, 2009. Accordingly, the defendants argue that the plaintiff's claim is now moot.

## IV. The Plaintiff's Response

In his response, the plaintiff does not dispute that the surgery was performed as outlined.

2

In addition, the plaintiff makes no claim that the surgery has failed to correct the problems he was experiencing which caused him to file the complaint. However, the plaintiff now seeks $5,000.00 to compensate him for the defendant's negligence and the pain and suffering he endured until the surgery was performed.

### V. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957). Additionally, a district court should construe *pro se* petitions liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (emphasizing the liberal construction rule for *pro se* complaints raising civil rights issues).

**B. Summary Judgment**

Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. V. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the

evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. liberty lobby, Inc., 477 U.S. 242, 248 *1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## VI. Analysis

**1. Plaintiff's Change in Requested Relief**

Plaintiff's response to the Roseboro Notice can best be characterized as an attempt to amend

4

his complaint. Federal Rule of Civil Procedure 15 states:

> **(a)(1)** A party may amend its pleading once as a matter of course: **(A)** before being served with a responsive pleading; or **(B)** within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>
> **(2)** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> **(3)** Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later.

Fed. R. Civ. Pr. 15. The defendants have filed two answers[2] and a Motion for Summary Judgment in response to plaintiff's complaint. Therefore, plaintiff cannot amend his complaint without leave from the Court or written consent from the opposing party, neither of which has been received or requested by plaintiff. Furthermore, even had plaintiff requested leave from the Court to amend his complaint, the undersigned would recommend that it be denied. As previously stated, defendants have filed two answers, a Motion to Dismiss/Motion for Summary Judgment, and affidavits to support the Motion. Clearly, it would be unfair to defendants to allow plaintiff to view these responses, only to realize his complaint was possibly moot because of the relief he requested, and then file an amended complaint asking for different relief in attempt to keep his case from being dismissed.

Furthermore, the plaintiff seeks $5,000 due to the defendant's negligence with respect to his medical care. To establish a medical negligence claim in West Virginia, the plaintiff must prove:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health

---

[2]Dkt. Nos. 23, 30

care provider belongs acting in the same or similar circumstances;
and (b) such failure was a proximate cause of the injury or death.

W.Va. Code § 55-7B-3. When a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. Banfi v. American Hospital for Rehabilitation, 529 S.E.2d 600, 605-606 (2000).

Additionally, under West Virginia law, certain requirements must be met before a health care provider may be sued. W.Va. Code §55-7B-6. This section provides in pertinent part:

> **§ 55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions**
> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

This Court previously held that compliance with W.Va. Code §55-7B-6 is mandatory prior

to filing suit in federal court. See Stanley v. United States, 321 F.Supp.2d 805, 806-807 (N.D.W.Va. 2004).[3]

With regard to the appropriate standard of care, plaintiff has completely failed to sustain his burden of proof. Plaintiff does not assert, much less establish, the standard of care for the diagnosis or treatment of an incisional midline hernia.[4] Under the circumstances of this case, plaintiff would be required to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the defendants' breach of the duty of care. Moreover, there is nothing in the complaint which reveals that the plaintiff has met the requirements of W.Va. Code §55-7B-6. Accordingly, even if the court were permit the plaintiff to amend his complaint to allege negligence, it would be subject to dismissal.

## 2. Mootness

Article III of the constitution requires that federal courts adjudicate only cases and controversies in which the controversy is live and ongoing. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). A case is moot when the "issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 249 (4th Cir. 2005) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969)). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3rd Cir. 1996).

---

[3] In Stanley, the plaintiff brought suit against the United States alleging that the United States, acting through its employee healthcare providers, was negligent and deviated from the "standards of medical care" causing him injury.

[4] Plaintiff offers no pleadings, affidavits, or declarations from any medical professional that establishes the applicable community standards for the treatment of a incisional midline hernia.

In his complaint, the relief the plaintiff sought was simply that something be done. Surgery has now been performed which apparently has corrected the plaintiff's hernia and eliminated the pain that he was experiencing. Therefore, it is clear that plaintiff's case is moot because he has already received the only relief which the court could have awarded him.

## V. Recommendation

For the foregoing reasons, it is hereby recommended that the defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. 33) be **GRANTED** and the plaintiff's complaint be **DISMISSED** as moot.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk is directed to send a copy to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: July 13, 2009

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE