IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT BAGENT,

    Plaintiff,

v.                                           Civil Action No. 5:08CV140
                                                                       (STAMP)
PRIME CARE MEDICAL, INC.,
MR. JACOB FULLER, Administrator of
Medical at Eastern Regional Jail,
MR. BARLOW, State of WV Administrator,
ERIN LNU, Nurse, Eastern Regional Jail,
JESSIE LNU, Nurse, Eastern Regional Jail,
DOCTOR JAMES, Eastern Regional Jail, and
EASTERN REGIONAL JAIL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, Scott Bagent, commenced this civil action by filing a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that since April of 2008, he has experienced abnormal swelling in his stomach such that it looks like he swallowed a basketball. Further, the plaintiff claims that although this swelling is generally painful and is applying pressure to his bladder, the defendants have been deliberately indifferent to his medical needs. As relief, the plaintiff requests that "something needs to be done."

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 et seq. and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge entered a report and recommendation recommending that the plaintiff's § 1983 claims against defendants Eastern Regional Jail, Prime Care Medical, and Barlow be dismissed with prejudice. He further recommended that the plaintiff's claims against defendants Fuller, Dr. James, Nurse Erin, and Nurse Jessie proceed. On April 6, 2009, this Court, finding that the magistrate judge's recommendation was not clearly erroneous, affirmed and adopted the ruling of the magistrate judge in its entirety.

Thereafter, in response to an order for the defendants to provide additional information, defendants Fuller, Nurse Erin, and Nurse Jessie filed a motion to dismiss or, in the alternative, motion for summary judgment. Magistrate Judge Seibert entered a second report and recommendation recommending that the defendants' motion to dismiss or, in the alternative, motion for summary judgment be granted, and the plaintiff's complaint be dismissed as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The parties filed no objections. For the reasons set forth below,

this Court affirms and adopts the report and recommendation of the magistrate judge.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

### A. Defendants Fuller, Nurse Erin and Nurse Jessie

This Court treats the defendants' motion to dismiss or, in the alternative, motion for summary judgment, as a motion for summary judgment because the defendants submitted affidavits and exhibits, which the plaintiff did not contradict, in support of the motion.

Finding that the plaintiff's response to the Roseboro notice was best characterized as an attempt to amend his complaint to add a medical negligence claim, the magistrate judge recommended that the plaintiff's amended complaint be denied. Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before

being served with a responsive pleading." If a party seeks to amend its pleading in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

Because defendants Fuller, Nurse Erin, and Nurse Jessie had already filed two answers and a motion for summary judgment in response to the plaintiff's complaint, the magistrate judge held that it would be unfair to the defendants to allow the plaintiff to view these responses, realize that his complaint was possibly moot, and then file an amended complaint asking for different relief so as to keep his case from being dismissed. Thus, the magistrate judge recommended that the plaintiff's attempt to file an amended complaint be denied.

4

Nevertheless, the magistrate judge further recommended that even if the plaintiff was allowed to amend his complaint, defendants Fuller, Nurse Erin, and Nurse Jessie's motion for summary judgment should still be granted because the defendant failed to establish a medical negligence claim. To prove a medical negligence claim in West Virginia, the plaintiff must establish that

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and
> (b) such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3. Expert testimony is required if the medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and whether the health care provider was the proximate cause of the plaintiff's injuries. Banfi v. Am. Hosp. for Rehab, 529 S.E.2d 600, 605-06 (W. Va. 2000). Moreover, West Virginia Code § 55-7B-6 sets forth certain requirements that must be met before a health care provider may be sued.[2] Compliance with

---

[2]**§55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions.**

(a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.

(b) At least thirty days prior to the filing of medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in

5

the requirements of West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. <u>Stanley v. United States</u>, 321 F. Supp. 2d 805, 806-07 (N.D. W. Va. 2004).

In this case, the plaintiff has failed to establish a standard of care for the diagnosis or treatment of an incisional midline hernia, or produce the medical opinion of a qualified health care provider. Furthermore, the plaintiff has pleaded nothing in his complaint showing that he has met the necessary requirements of West Virginia Code § 55-7B-6. For these reasons, the magistrate judge held that even if this Court were to permit the plaintiff to amend his complaint to allege medical negligence, the complaint would be subject to dismissal.

---

> litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of Rule 15 of the rules of civil procedure.

W. Va. Code § 55-7B-6.

Finally, the magistrate judge recommended that because the plaintiff only requested that something be done, and the plaintiff received surgery on May 18, 2009, which corrected the plaintiff's hernia and eliminated all related pain, the plaintiff's complaint should be dismissed as moot. The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a case ceases to present a viable legal issue requiring resolution, the case becomes moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which renders it moot, the case must be dismissed. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996).

This Court has reviewed the record and finds that the magistrate judge's report and recommendation is not clearly erroneous. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

B. Defendant Dr. James

This Court notes that the magistrate judge did not address in his report and recommendation whether this civil action should also be dismissed as against defendant Dr. James. Under 28 U.S.C. § 636(b)(1), "a judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." See also United States v. Raddatz, 447 U.S. 667, 683 (1980) (holding that delegation to a magistrate judge "does not violate Art. III so long

7

as the ultimate decision is made by the district court"). In Ivy v. Sec'y of Health & Human Servs., 976 F.2d 228, 290 (6th Cir. 1992), the court held that a district court errs when it refuses to consider a contention which the magistrate judge also has not addressed. Thus, this Court finds that it has broad authority to address whether this action should be dismissed as against Dr. James.

This Court holds that for the same reasons that the claims are dismissed against defendants Fuller, Nurse Erin, and Nurse Jessie, discussed above, the claims against defendant Dr. James are also dismissed.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the defendants' motion for summary judgment is GRANTED, and the plaintiff's complaint is DISMISSED AS MOOT. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to

object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    September 3, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE